IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

KAREN E. GRIFFIN
    Plaintiff,

VS.

AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., AMERIQUEST MORTGAGE SECURITIES, TOWN & COUNTRY CREDIT, and DOES 1-5

    Defendants

C.A. 07-06237

(Originally C.A. 07-10660 (MA))

Transferred to Judge Aspen for Pretrial Proceedings under MDL # 1715, Lead Case C.A. 05-07097

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, *INSTANTER*

Plaintiff Karen E. Griffin respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint, and to have it deemed filed *instanter*. A copy of her proposed Amended Complaint is attached hereto as Appendix A. In support of her motion, plaintiff states as follows:

    1.    Plaintiff filed this action against defendants Ameriquest Mortgage Company and affiliates on April 5, 2007 to rescind her mortgage loans and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226, and its Massachusetts counterparts,

1

Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C. M.R. part 32 (hereinafter "MCCDA").

2. Plaintiff's proposed amended complaint seeks to add the full and correct legal names of the entities that hold ownership interests in plaintiff's loans. This information was disclosed by defendant Ameriquest for the first time on February 11, 2008.

3. Adding the owner of the loans is important to plaintiff's case because 15 U.S.C. 1641( c) provides that the consumer may rescind a mortgage loan in the hands of "any assignee."

4. This motion is timely. In addition to the fact that Ameriquest provided the identity of the owners only recently, this case was also stayed before it was recently transferred to the Northern District of Illinois.

5. The minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

6. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a

complaint if there is a substantial reason to do so. <u>Espey v. Wainwright</u>, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); <u>Dussouy v. Gulf Coast Investment Corp.</u>, 660 F.2d 748, 597 (5th Cir. 1981).

**WHEREFORE**, plaintiff respectfully request that this Court enter an Order (A) granting her leave to file the proposed Amended Complaint, a copy of which is attached as <u>Appendix A</u>, (B) deeming the Amended Complaint filed *instanter*, and (C) granting any further or other relief that the Court deems just.

Respectfully submitted,

/s/ Christopher M. Lefebvre

Claude Lefebvre, Christophe Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
chris@lefebvrelaw.com

## CERTIFICATE OF SERVICE

I, Christopher M. Lefebvre, hereby certify that on March 7, 2008, a true and correct copy of the foregoing documents (Motion For Leave To File Amended Complaint, *Instanter* and First Amended Complaint) were filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that true and correct copies were additionally sent by e-mail or via U.S. Mail to those parties not registered with the court's electronic filing system..

/s/ Christopher M. Lefebvre