# Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| **KAREN E. GRIFFIN** | : | |
| **Plaintiff,** | : | |
| | : | **C.A. 07-06237** |
| | : | |
| | : | **(Originally C.A. 07-10660 (MA))** |
| **VS.** | : | |
| | : | **Transferred to Judge Aspen for** |
| | : | **Pretrial Proceedings under MDL** |
| **AMERIQUEST MORTGAGE** | : | **# 1715, Lead Case C.A. 05-07097** |
| **COMPANY, AMC MORTGAGE** | : | |
| **SERVICES, INC., AMERIQUEST** | : | |
| **MORTGAGE SECURITIES,** | : | |
| **TOWN & COUNTRY CREDIT,** | : | |
| **and DOES 1-5** | : | |
| | : | |
| **Defendants** | : | |

---

## AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Town and Credit Corp. and Ameriquest Mortgage Company

for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing

Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (hereinafter "Regulation Z") , and it's

Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch.

140D and 209 C.M.R. part 32. (hereinafter "MCCDA").

1

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District.  Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PLAINTIFF

4.  Plaintiff Karen E. Griffin resides at 48 Coolidge Street, Everett, MA 02149.

5.  On or about September 14, 2005 Plaintiff Griffin obtained a loan from Town and Country, secured by her residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

6.  In connection with the transaction, Plaintiff Griffin received or signed the following documents:

    1.  A note in the principal amount of $457,000;

    2.  A mortgage;

    3.  A Truth in Lending statement;

    4.  A notices of right to cancel, attached as <u>Exhibit 1</u>;

    5.  A One Week Cancellation Period form; attached as <u>Exhibit 2</u>; and

    6.  A HUD-1 Settlement Statement.

7.  On or about July 31, 2006 Plaintiff Griffin exercised her extended right to rescind the loan for violations of TILA.  A notice of rescission was sent to Town and Country.  A Copy of the notice is attached as <u>Exhibit 3</u>.

8.  The Defendant Ameriquest Mortgage Company, as asignee of the loan referenced

herein, has acknowledged receipt of the notice of rescission but refused to honor the request

alleging that Plaintiff received accurate disclosures under the TILA. A copy of the denial letter is

attached as Exhibit 4.

## DEFENDANTS

9.  Defendant Town and Country is a National corporation with its principle place of

business at 2100 Main Street, Suite 800, Irvine, CA 92614.

10. The Defendant Ameriquest is the assignee of the loan entered into between the

Plaintiff and Town and Country and therefore, is liable for Plaintiff's rescission demand.

11. Town and Country enters into more than 5 transactions per year in which credit is

extended that is secured by the principal residence of a consumer and is used for purposes other

than the initial acquisition or construction of the residence.

12. Town and Country is therefore a creditor as defined in TILA and implementing

Federal Reserve Board Regulation Z.

13. Town and Country is what is commonly known as a "subprime" lender, targeting

persons who have or who believe they have impaired credit.

14. Defendant Ameriquest is a National corporation with its principle place of business

at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

15. Ameriquest enters into more than 5 transactions per year in which credit is extended

that is secured by the principal residence of a consumer and is used for purposes other than the

initial acquisition or construction of the residence.

16. Ameriquest is therefore a creditor as defined in TILA and implementing Federal

3

Reserve Board Regulation Z.

17.  Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

18. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Massachusetts. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA 02110.

19. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

20. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

## COUNT I - TRUTH IN LENDING ACT AND OR  MCCDA

21.  Plaintiff incorporates ¶¶ 1-20 as if fully set out herein.

22.  Because the refinance transaction referenced herein was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was  subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts.  More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this**

> section the rights of the obligor under this section. **The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

23. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that **"clearly and conspicuously disclose"** 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

## DEFECTIVE NATURE OF DISCLOSURES

24.  In connection with the above referenced mortgage transaction, Town and Country failed to provide accurate disclosures of the Plaintiff's right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts for (without limitation),  the following reasons:

### Incomplete Notices

25.  The Defendant Town and Country failed to deliver to Plaintiff Griffin two properly completed copies of a notice that **"clearly and conspicuously disclose the borrower's rescission rights"** in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts.

26.  The copies of the notice of right to cancel actually delivered to the Plaintiff referenced herein were materially defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

27.  By failing to indicate the date by which the right to cancel had to be exercised Town and Country failed to give to Plaintiff Griffin **"clear and conspicuous"** notice of her right to cancel, in violation of 15 U.S.C. §1635,  Regulation Z, 12 C.F.R. § 226.23 and it's Massachusetts counterparts.

28.  Accordingly, Plaintiff Griffin is entitled to exercise her extended right to rescind her loan under the TILA.

### "One Week" Cancellation Form

29.  The One Week Cancellation Period form provided to the Plaintiff by the Defendant Town and Country (see Exhibits1-2) detracts from and obfuscates the Notice of Right to Cancel

6

(see  Exhibits 1-2) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

    30.  The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Town and Country within the specified time.

    31.  The provision of two inconsistent and confusing notices to cancel violates the "**clear and conspicuous**" disclosures requirement of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. § 226.23 and it's Massachusetts counterparts.

    32.  15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass G.L. ch. 140D § 10(g) is identical except for citation.

    33.  The failure of the Defendants  to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

    **WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

        1.  A declaration that Plaintiff is entitled to rescind;

        2.  Rescission of the loan;

        3.  Statutory damages;

        4.  Attorney's fees, litigation expenses and costs.

        5.  Such other relief as the Court deems appropriate.

Respectfully submitted,


/s/Christopher M. Lefebvre
   Claude Lefebvre, Christopher Lefebvre P.C.
   P.O. Box 479
   Pawtucket, RI  02862
   (401) 728-6060
   (401) 728-6534 (FAX)
   Chris@lefebvrelaw.com


## **JURY DEMAND**


Plaintiff demands trial by jury.


/s/Christopher M. Lefebvre

# EXHIBIT   1

## NOTICE OF RIGHT TO CANCEL

LENDER:   Town and Country Credit Corp.

DATE:   September 14, 2005
LOAN NO.:   0130576184 - 60172
TYPE:   ADJUSTABLE RATE

BORROWER(S): Karen E Griffin

ADDRESS:        48 Coolidge street
CITY/STATE/ZIP:   Everett,MA 02149

PROPERTY:   48 COOLIDGE ST
             Everett,  MA  02149

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.   The date of the transaction, which is

> ENTER DOCUMENT SIGNING DATE
> _____ ;

    or
2.   The date you received your Truth in Lending disclosures;
    or
3.   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Town and Country Credit Corp.**
**2010 Main St., Suite 800**
**Irvine, CA 92614**

ATTN:  **FUNDING**
PHONE: **(888)469-8222 ext 2102**
FAX:      **(949)255-4930**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

> ENTER FINAL DATE TO CANCEL
> _____

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____          _____
SIGNATURE                          DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_____                    _____
BORROWER/OWNER Karen E Griffin      Date     BORROWER/OWNER            Date


_____                    _____
BORROWER/OWNER                      Date     BORROWER/OWNER            Date

1004-NBC (Rev 11/03)

0000013057618404000050101

**BORROWER COPY**

09/14/2005 12:26:54 PM

# EXHIBIT   2

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0130576184 - 60172          Borrower(s): Karen E Griffin
Date: September 14, 2005

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Town and Country Credit Corp. believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

        Town and Country Credit Corp.
        2010 Main St., Suite 800 Irvine, CA 92614
        ATTN: Funding Department
        Phone: (888)469-8222 ext 2102
        Fax: (949)255-4930

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____     _____
Borrower/Owner  Karen E Griffin          Date

_____     _____
Borrower/Owner          Date

_____     _____
Borrower/Owner          Date

_____     _____
Borrower/Owner          Date

## REQUEST TO CANCEL
I/We want to cancel loan #_____.

_____     _____
Borrower/Owner Signature          Date



000001305761840404220101

850 (10/00)

09/14/2005 12:26:54 PM

**BORROWER COPY**

# EXHIBIT 3



# FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

July 31, 2006

Town and Country Credit Corp.
2010 Main St.
Suite 800
Irvine, CA 92614

Re:    Notice of Rescission by Karen E. Griffin OF 48 Coolidge Street, Everett, MA
        02149; Loan Number: 0130576184, Closing Date: 09/14/2005

To Whom It May Concern:

I represent Karen E. Griffin concerning the mortgage loan transaction she entered
into with Town and Country Credit Corp on September 14, 2005. Please be advised that
I have been authorized by my client to rescind that transaction and hereby exercise that
right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and
Regulation Z, Section 226.23.

The primary basis for the rescission is that Karen E. Griffin was provided with
incomplete and therefore inaccurate notice of her right to cancel the above consumer
credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections
226.17 and 226.23.

The security interest held by Town and Country Credit Corp on the Griffin's
property located at 48 Coolidge Street, Everett, MA is void as of this rescission. Pursuant
to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return
to my clients all monies paid and to take action necessary and appropriate to terminate the
security interest.

Very truly yours,
Karen E. Griffin
By her Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

cc: Karen E. Griffin

*TWO DEXTER STREET, P.O. BOX 479    PAWTUCKET, RI 02862    PHONE: (401) 728-6060    FAX: (401) 728-6534*

# EXHIBIT 4



**AMERIQUEST**®
MORTGAGE COMPANY

August 17, 2006                                                    *Via Federal Express*

Christopher Lefebvre, Esq.
Family and Consumer Law Center
Two Dexter Street
Pawtucket, Rhode Island 02862

*Re:*    *Borrowers:*                      *Karen Griffin*
         *Loan Number Ending In:*          *xxxxxx9184*
         *Property Address:*               *48 Coolidge Street*
                                           *Everett, Massachusetts 02149*

Dear Mr. Lefebvre:

    This letter is in response to your correspondence dated August 1, 2006 which purports to rescind the loan referenced above on the basis that Ameriquest Mortgage Company ("Ameriquest") did not comply with the Truth in Lending Act.

    Our review of your client's transaction confirms that all material disclosures were accurately provided to your client and that she executed the Lender's copy of the *Notice of Right to Cancel* to acknowledge her receipt of two (2) completed copies of the document. Accordingly, we respectfully deny your client's rescission request.

    We trust that this responds to your concerns.

Sincerely,

*Courtney Takahashi*
Courtney Takahashi
Regulatory Response Analyst II
Ameriquest Mortgage Company

cc:    Diane Tiberend, Esq.

1100 Town & Country Road, Suite 1200, Orange, CA 92868 • Phone (714) 541-9960 • Fax (714) 564-9639



AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    MASSACHUSETTS

KAREN E. GRIFFIN

**SUMMONS IN A CIVIL CASE**

V.

TOWN AND COUNTRY CREDIT CORP and
AMERIQUEST MORTGAGE COMPANY        CASE NUMBER:

TO: (Name and address of Defendant)

Town and Country Credit Corp
c/o: National Registered Agents, Inc
303 Congress Street, 2nd Floor
Boston, MA 02110

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher M. Lefebvre
   Law Offices of Christopher M. Lefebvre
   Two Dexter Street
   Pawtucket, RI  02860
   (401) 728-6060

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

CLERK                                                DATE

(By) DEPUTY CLERK

℅AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the third-party defendant.  Place where served: _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

☐   Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
           *Date*            _____
                                  *Signature of Server*

                                _____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.